IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FAITH D MARTIN, et al,    No  C-06-6883 VRW

    Plaintiffs,    ORDER

    v

FEDEX GROUND PACKAGE SYSTEM, INC,
and DOES 1-10, inclusive,

    Defendants.
_____/

        Plaintiffs in this wage and hour class action claim defendant FedEx Ground Package System, Inc ("FedEx") failed to provide meal and rest periods to its hourly employees in violation of California law.  The parties reached a settlement on October 12, 2007, Doc #35, and the court preliminarily approved the settlement on December 31, 2008, Doc #72.  On April 30, 2009, plaintiffs moved the court to grant final approval of the proposed settlement.  Doc #74.  As explained below, because the settlement appears fair, reasonable and adequate and because no class member has objected to the settlement, either in writing or at the May 21, 2009 hearing, the court GRANTS final approval of the settlement.

I

The parties' proposed settlement would terminate two actions, the above-captioned case ("Martin") and a separate case presently stayed in Orange County superior court, Olguin v FedEx Ground Package System, No OCSC 02CC0020 ("Olguin"). Both cases involve wage and hour claims against FedEx based on its alleged failure to provide meal and rest breaks. See Doc #72 at 3-5. Plaintiff Faith Martin filed Martin in San Francisco superior court on September 20, 2006 on behalf of non-exempt California employees of FedEx from September 20, 2002. Doc #1 Exh A ¶12. Plaintiffs Javier Olguin, Miguel Vargas and Kelley Freeman filed Olguin in Orange County superior court on July 18, 2002 on behalf of all non-exempt California FedEx package handlers from October 1, 2000. Doc #49 ¶8. Although the class periods differ, the settlement resolves both actions.

Under the proposed settlement, the class is defined as:

> All California FedEx Ground Package System, Inc package handlers who held their positions at FedEx Ground anytime between October 1, 2000 and December 31, 2008 and all California FedEx Ground non-package handler non-exempt employees who held their positions at FedEx Ground anytime between September 20, 2002 and December 31, 2008.

Doc #75 Lenhart Decl Exh A. FedEx agreed to pay a maximum settlement sum of $8,125,000. Id. Expenses and fees to be paid from the fund include plaintiffs' requested attorneys' fees and costs of $2,746,250, administration costs estimated at $138,076.26 and named plaintiffs' incentive awards of $50,000. Doc #75 Lenhart Decl. After deduction of estimated costs, the maximum payout available to class members under the proposed settlement is $5,190,673.74.

2

Under the plan of allocation, each plaintiff who submitted a claim form will be entitled to a share of the settlement based on the number of weeks he or she worked for FedEx. Doc #75 Lenhart Decl ¶10. A class member can expect to receive approximately $265 per year worked. Id. Of the 51,973 potential class members who were mailed claim forms, 11,064 responded timely and 272 responded late. Id ¶7. Late-filed claims will be treated as timely. Doc #78 at 2. Class members have claimed approximately thirty-six percent of the net settlement. Doc #74 at 13. Because class members have claimed less than forty-eight percent of the net settlement, under the terms of the agreement FedEx will pay forty-eight percent of the net settlement, or $2,491,523.50, proportionally to claimants. Id.

Each of the four named plaintiffs, Faith Martin, Javier Olguin, Kelley Freeman and Miguel Vargas, will receive an incentive award in addition to the funds they will receive as class members. Martin, Freeman and Vargas will each receive $10,000. Doc #74 at 15. Olguin will receive $20,000. Id at 17. The incentive awards were disclosed to class members in the notice they received. Doc #75 Lenhart Decl Exh A.

Of the 51,973 potential class members, forty-eight individuals have opted out of the settlement. Doc #75 Lenhart Decl Exh B. No class member has objected to the settlement. Id at ¶9. Pursuant to FRCP 23(e), on May 21, 2009 the court held a final approval hearing to determine whether the settlement is fair, reasonable and adequate.

**II**

The court preliminarily approved the settlement on December 31, 2008. Doc #72. In the December 31 order, the court certified the settlement class, found the settlement to be the product of arms-length negotiation, determined the settlement amount to be adequate based on estimated damages, approved the notice sent to class members, determined the requested attorneys' fees and costs were not unreasonable, approved the claim procedure for class members and found class counsel could adequately serve the interests of the class. Doc #72. The factual basis for the court's reasoning has not changed, and the claim procedure has so far proceeded according to the court-approved plan. Doc #75 Lenhart Decl. Thus, the court adopts its reasoning and conclusions from the December 31 order, Doc #72, as the terms of the settlement discussed in that order remain fair, reasonable and adequate.

Before the court can grant final approval, however, the court must still determine whether the response of the class supports the court's finding that the settlement is fair, reasonable and adequate. Additionally, the court must determine whether the incentive awards to the named plaintiffs are fair.

**A**

Class members had the opportunity to comment on the terms of the settlement in writing or in person at the hearing held before the undersigned on May 21, 2009, but no class member commented on the settlement. Doc #75 Lenhart Decl. Class members do not always have an incentive to comment on the settlement, however, even if they are dissatisfied, because an individual class

4

member's recovery may not change significantly even if the terms of the settlement are altered. See In re Continental Ill Sec Lit, 962 F2d 566, 573 (7th Cir 1992). Although no class member spoke against the settlement, forty-eight class members opted out of the settlement and only twenty-two percent of potential class members submitted claim forms.

The response of class members to the settlement does not indicate whether class members view the settlement as fair, reasonable and adequate. The lack of objections suggests class members are pleased with the settlement, yet the low response rate may indicate passive dissatisfaction. The court will not however draw a negative inference from the response of the class, as the settlement on its face appears fair to class members.

B

Under the terms of the settlement, each named plaintiff is to receive an incentive award of $10,000, with plaintiff Olguin to receive an additional $10,000 ($20,000 total). Doc #74 at 15-17. Information regarding the incentive awards was included in the court-approved notice sent to class members. Doc #75 Lenhart Decl Exh A.

Incentive awards are appropriate only to compensate named plaintiffs for work done in the interest of the class as well as to compensate named plaintiffs for their reasonable fear of workplace retaliation. See Staton v Boeing Co, 327 F3d 938, 977 (9th Cir 2003). The court must ensure that the incentive awards are not the result of fraud or collusion. Id at 975.

Here, each named plaintiff has submitted a declaration

5

explaining the efforts he or she undertook in support of this litigation. Plaintiffs Martin, Freeman and Vargas each performed between forty and one hundred hours of work and each was deposed. Doc #75 Martin Decl, Freeman Decl, Vargas Decl. Olguin estimated he spent more than two hundred hours working on this case. Doc #75 Olguin Decl. Additionally, all plaintiffs represent that they feared either FedEx or future employers might react negatively to their involvement with this lawsuit. Doc #75 Exh 4-7.

The amount of each plaintiff's incentive award appears reasonable in light of the work performed by each plaintiff and the risk each faced. Nothing in the record indicates fraud or collusion. Class members had the opportunity to challenge the incentive awards, as the amount of the awards was fully disclosed in the notice, but no class member objected. Olguin's award is greater than the others, but his declaration indicates he has performed more work than any other named plaintiff. Doc #75 Olguin Decl. Further, the additional $10,000 he will receive is subtracted from the attorney fee award, Doc #75 Lenhart Decl Exh A, meaning the attorneys rather than the class bear the burden of the additional award. Because the incentive awards appear fair, the court approves them.

//
//
//
//
//
//

6

III

The court has reviewed the settlement and continues to find it fair, reasonable and adequate under FRCP 23(e). Accordingly, the court GRANTS final approval of the parties' proposed class action settlement. The parties are DIRECTED to effectuate the settlement according to its terms.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge